# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 2388 |
| | ) (Crim. No. 08 CR 682) |
| **SCOTT C. CARLBERG, 22644-424** | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On April 3, 2013 this Court sentenced Scott Carlberg ("Carlberg") to a 348 month sentence based on his plea of guilty to having robbed 11 banks, having possessed a firearm after a prior felony conviction and having used a firearm in two of those bank robberies. One day short of a year later Carlberg filed a timely 28 U.S.C. § 2255 ("Section 2255") motion seeking to vacate or set aside his sentence on the ground that he was assertedly denied the effective assistance of counsel in several respects.[1]

This Court complied with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") by ordering the United States Attorney's Office to respond to the motion (a response that necessarily included input from attorney Dusberger and from the other lawyer charged by Carlberg with constitutionally deficient

---

[1] During the course of the case Carlberg had fallings out with three successive members of this District Court's federal defender panel before he finally completed his case with a fourth attorney, Roger Dusberger ("Dusberger"). In light of the fact that attorney Dusberger is one of the current targets of Carlberg's Section 2255 motion, it is probably a fair guess that final lawyer Dusberger shares the sense that Shakespeare ascribes to King Lear:

> How sharper than a serpent's tooth it is
> To have a thankless child!

representation, Richard Kling ("Kling"). Then, pursuant to Section 2255 Rule 5(d), this Court granted Carlberg leave to file a reply to the government's response -- and now, after obtaining several extensions, Carlberg has generated an articulate 60 page magnum opus coupled with a bulky set of attachments.[2]

Under the circumstances this Court must look to the government again, this time to respond to the highly expanded version that has now been tendered by Carlberg (a response that perforce must once again seek appropriate input from attorneys Kling and Dusberger). Without limiting the nature of the government's response, it should certainly treat with the question of whether an evidentiary hearing will or will not be necessary to dispose of the matter. Finally, given the expansive nature of Carlberg's new submission, this Court will not set a deadline for the government's response -- instead it asks that the United States Attorney's Office submit its view as to an appropriate timetable after it has gotten into the process of preparing its response.

                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date: November 6, 2014

---

[2] Although this comment should not be misunderstood as expressing any view as to the merits of Carlberg's contentions, this reader cannot help wondering whether he (as well as society) would not have been far better served if he had chosen to pursue a career other than robbing banks.