**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 2388 |
| | ) | (Crim. Case No. 08 CR 682) |
| **SCOTT C. CARLBERG**, #22644-424, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On June 23, 2016 this Court issued its memorandum opinion and order (the "Opinion") that dealt with the three grounds that Scott Carlberg ("Carlberg") had advanced in support of his "28 U.S.C. § 2255 ('Section 2255') motion seeking to vacate or set aside his sentence on the ground that he was assertedly denied the effective assistance of counsel in several respects" (to quote Opinion at 1). As Opinion at 1 had said, Carlberg's Section 2255 effort attacked the two lawyers named there, the last in a chain who had sought to represent him.[1] Those lawyers, like their predecessors in that chain, had not been called upon to carry Carlberg's case to

---

[1] As n.1 to this Court's earlier November 6, 2014 memorandum order had said:

During the course of the case Carlberg had fallings out with three successive members of this District Court's federal defender panel before he finally completed his case with a fourth attorney, Roger Dusberger ("Dusberger"). In light of the fact that attorney Dusberger is one of the current targets of Carlberg's Section 2255 motion, it is probably a fair guess that final lawyer Dusberger shares the sense that Shakespeare ascribes to King Lear:

> How sharper than a serpent's tooth it is
> To have a thankless child!

trial -- instead he had pleaded "guilty to having robbed 11 banks, having possessed a firearm after a prior felony conviction and having used the firearm in two of those bank robberies" (again a quotation from Opinion at 1).

Before its issuance of the Opinion this Court had complied with the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules") by ordering the United States Attorney's Office to respond to Carlberg's motion (see Section 2255 Rule 4) and by then granting Carlberg leave to file a reply to the government's response (see Section 2255 Rule 5(e)). That generated a 60-page filing by Carlberg that he labeled "Traverse." And finally, because of the expansiveness of that filing this Court asked for further input from the United States Attorney's Office, which when filed demolished Carlberg's three asserted grounds for relief under Section 2255, as explained in the Opinion.

Now Carlberg has filed what he captions as his "Motion To Alter or Amend a Judgment Pursuant To Federal Rules of Civil Procedure 59(e)." This Court will not criticize Carlberg for that mistaken characterization, which is quite understandable coming from a nonlawyer: Carlberg's Section 2255 motion was filed in his <u>criminal</u> case 08 CR 682, with a civil case number having been assigned to it by the Clerk's Office for purely administrative purposes,[2] so that Fed. R. Civ. P. ("Rule") 59(e) does not apply to Carlberg's current filing.

For the reasons just stated in n.2, Carlberg's current filing will be treated as a motion for reconsideration, to be viewed in the manner felicitously described in <u>Above the Belt, Inc. v. Mel</u>

---

[2] That practice is followed in this District Court because including Section 2255 motions in the original criminal docket would tend to create confusion by inserting those entries in what is typically a multi-entry docket, thus creating the possibility that the figurative trees represented by the typically few Section 2255 entries might be lost in the figurative forest of docket entries in the underlying criminal case.

Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  Indeed, to the extent that the scope of the current filing might go beyond Carlberg's original Section 2255 motion, it would have to be viewed as a second such motion and therefore submitted in the first instance to the Court of Appeals rather than this District Court (see Section 2255(h) and its incorporation by reference of 28 U.S.C. § 2244).  In any event, Carlberg's current 14-page filing is no more persuasive than his earlier 60-page "Traverse."  Hence his current motion is denied.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  August 3, 2016